Jessary H. TWINE, Sr.

v.

OIL, CHEMICAL & ATOMIC WORKERS
INTERNATIONAL UNION, AFL–CIO,
BEAUMONT LOCAL 4–243.

Civ. A. No. B–87–0040–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 26, 1988.

Deborah Stanton Burke, Beaumont, Tex., for plaintiff.

John W. McKendree, McKendree & Toll, Denver, Colo., Katherine C. Wharton, Carl C. Parker, Port Arthur, Tex., for defendant.

## MEMORANDUM AND ORDER

COBB, District Judge.

The plaintiff, Jessary H. Twine, Sr., was an employee of PPG Industries, and was laid off during a temporary reduction in force at the company's Beaumont facility. Eventually, Twine was recalled to work, failed to return or otherwise respond to the recall notice, and was discharged. The defendant, Oil, Chemical & Atomic Workers International Union, AFL–CIO, Beaumont Local 4–243 (Union) filed and processed a grievance on Twine's behalf. Ultimately, the Union decided not to submit Twine's grievance to arbitration, and so notified him. Twine then brought this lawsuit, alleging that the Union violated the duty of fair representation by refusing to take his grievance concerning the alleged wrongful discharge to arbitration. Pending before the court is the Union's motion to dismiss, which the court will treat as a motion for summary judgment, pursuant to FED.R. CIV.P. 12(b). Because Twine fails to raise any genuine issue of material fact in support of his claim, and because he failed to toll the applicable statute of limitations, the defendant's motion for summary judgment is GRANTED.

## I. DUTY OF FAIR REPRESENTATION

A labor union has the duty to fairly represent its members in employment matters, and cannot arbitrarily refuse to process a meritorious grievance, nor handle it perfunctorily. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). To prevail on this cause of action, Twine must prove: (1) a violation of the collective bargaining agreement; (2) a meritorious grievance; and (3) arbitrary or bad

faith representation by the Union. *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Twine raises no issue of fact in support of any element in his claim. The summary judgment proof shows that he had no meritorious grievance against his employer. The Collective Bargaining Agreement provides that a laid-off employee who fails to respond to a recall notice within seven days is subject to termination. Twine does not dispute that he failed to respond to the recall. Twine argues, however, he was excused from work due to illness, and was therefore not a "laid off" employee subject to recall, within the meaning of the Collective Bargaining Agreement. Nothing in the evidence proffered suggests Twine was anything other than a laid-off employee, subject to recall, who was still receiving medical benefits. Even assuming Twine was off work due to illness, this would not excuse his failure to respond to a recall notice.

Further, nothing except the bare allegation of the complaint supports Twine's claim that the Union acted arbitrarily or in bad faith in processing his grievance. Twine argues that under the Collective Bargaining Agreement, the Union had ten days to respond after the company issued its fourth step answer denying his grievance. Since the Union failed to take any action within this period, it acted arbitrarily, because he could only seek severance pay, and not reinstatement as a remedy as a result of the Union's delay. This argument begs the question; whatever remedy may or may not have been available had Twine prevailed on his grievance is irrelevant. The issue is whether Twine had a meritorious grievance warranting arbitration. Because the undisputed evidence shows that Twine's employer correctly interpreted the Collective Bargaining agreement in discharging him, this court must hold as a matter of law that the Union did not violate its duty of fair representation by refusing to take a grievance without merit, as defined by the Collective Bargaining Agreement, through the arbitration process.

## II. LIMITATIONS

 Twine's claim is also time barred. It is well established that the six-month limitations period in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), governs claims against employers and unions. *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The undisputed evidence in this case shows Twine was notified on June 12, 1986, that the Union would not submit his grievance to arbitration. Thus, his cause of action accrued on that date. Twine's action was not filed until January 14, 1987, more than seven months after he became aware of the defendant's decision not to arbitrate his grievance. Because he failed to toll the applicable statute of limitations, Twine's complaint will be dismissed.